**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RYAN K. SMITH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 13-CV-0465-CVE-TLW** |
| | ) | |
| **JIM FARRIS, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**OPINION AND ORDER**

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner, a state prisoner appearing pro se. Respondent filed a response to the petition (Dkt. # 8), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 8, 9). Petitioner filed a reply (Dkt. # 14). For the reasons discussed below, the petition is denied.

***BACKGROUND***

On June 20, 2010, Petitioner Ryan K. Smith, William Harley Tottress, and a third unidentified man, broke into and burglarized a home, located in Tulsa, Oklahoma, and robbed the three occupants – Stephen Rodolf, Christopher Gentile, and Gentile's 13-year-old son – at gunpoint. Petitioner pistol-whipped Christopher Gentile and confined and threatened to kill all three victims. Petitioner wore a mask during the robbery.

Based on these facts, Petitioner was charged, in a Third Amended Information filed in Tulsa County District Court, Case No. CF-2010-2554, with Robbery With a Firearm (Counts 1, 15, 16), First Degree Burglary (Count 2), Assault and Battery With a Dangerous Weapon (Count 4), Kidnaping (Counts 12, 13, 14), and Assault While Masked or Disguised (Count 17). See Dkt. # 8-3

at 2.[1]  Petitioner had no prior convictions.  On August 16, 2011, the second day of trial and before

the conclusion of voir dire, Petitioner entered blind pleas of guilty to all nine counts.[2]  Id. at 3.  On

September 27, 2011, the state district judge found Petitioner guilty and sentenced him as follows:

twenty (20) years imprisonment on both Counts 1 and 2, to be served concurrently with each other;

twenty-five (25) years imprisonment on both Counts 15 and 16, to be served concurrently with each

other but consecutively to Counts 1 and 2; ten (10) years suspended on Count 17; and ten (10) years

suspended on each of Counts 4, 12, 13, and 14, to be served concurrently with each other and

consecutive to the ten (10) year suspended sentence on Count 17.  Id. at 4.  Petitioner was also fined

$600 on each of the nine counts.  Id.  The sentences aggregate for a total of forty-five (45) years

imprisonment, followed by twenty (20) years of probation.  Id. at 5.  At the time of his blind plea,

Petitioner was represented by Assistant Public Defender Christopher Gault.  Id. at 3.

On October 6, 2011, Petitioner filed a timely motion to withdraw his blind plea.  See Dkt.

# 8-2.  He alleged that "his sentence was excessive, and beyond what he believed he would receive."

Id.  On October 28, 2011, Petitioner filed an amended motion to withdraw his blind plea, alleging

that he pled guilty because his attorney was unprepared for trial.  See Dkt. # 9-5, Tr. Mot. Withdraw

Plea Hr'g at 3.  On October 28, 2011, the trial judge held a hearing on the motion.  Id.  Attorney

---

[1]    On August 15, 2011, before the jury was empaneled, Petitioner's codefendant, William
Harley Tottress, entered blind pleas of guilty to the same nine (9) counts lodged against
Petitioner, plus four additional counts: two (2) counts of Possession of a Firearm, After
Former Conviction of a Felony (Counts 3, 6), and two (2) counts of Receiving/Concealing
Stolen Property (Counts 18, 19).  See www.oscn.net.  On September 27, 2011, Tottress
received sentences totaling 145 years imprisonment.  Id.  Counts 5, 7, 8, 9, 10, and 11 were
dismissed prior to trial.  Id.

[2]    Before the jury was empaneled, Petitioner rejected the State's recommendation of 77 years
imprisonment in exchange for pleas of guilty.  See Dkt. # 9-5, Tr. Mot. Withdraw Plea Hr'g
at 21.

John Dunn represented Petitioner at the hearing.  Id.  At the conclusion of the hearing, the trial judge

denied Petitioner's motion to withdraw his blind plea.  Id. at 54.

Represented by attorney S. Gail Gunning, Petitioner filed a petition for writ of certiorari in

the Oklahoma Court of Criminal Appeals (OCCA).  See Dkt. # 8-3.  He raised the following

propositions of error:

| | |
|---|---|
| Proposition I: | Petitioner has been subjected to double jeopardy and/or double punishment by conviction and punishment on Count IV – Assault and Battery With a Dangerous Weapon, and Count XVII – Assault While Masked or Disguised. |
| Proposition II: | Petitioner should be allowed to withdraw the guilty pleas on Counts I, XV, and XVI, which were not voluntary because the pleas were based on incorrect advice of the punishment range and all consequences flowing from the pleas. |
| Proposition III: | Petitioner should be allowed to withdraw the blind guilty pleas, which were rendered involuntary by ineffective assistance of counsel. |
| Proposition IV: | Defense counsel's performance was deficient in failing to advise Petitioner of an available defense that could have been presented to a jury. |
| Proposition V: | Petitioner should be allowed to withdraw the guilty pleas and proceed to trial or, in the alternative, the sentences should be favorably modified, based on the excessiveness of the sentences the court imposed following entry of Petitioner's blind pleas of guilty. |

Id. at 2-3.  In an unpublished Summary Opinion, filed July 25, 2012, in Case No. C-2011-980 (Dkt.

# 8-4), the OCCA denied the petition and affirmed the Judgment and Sentence of the district court.

Petitioner commenced this federal action by filing a pro se petition for writ of habeas corpus

(Dkt. # 1).  Petitioner raises the same five grounds for relief he raised on certiorari appeal.  In

response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief.

See Dkt. # 8.

3

*ANALYSIS*

**A.      Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b).  See Rose v. Lundy, 455 U.S. 509, 510 (1982).  Petitioner raised fairly presented his claims to the OCCA on certiorari appeal.  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, Petitioner has not met his burden of proving entitlement to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claim adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 386 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions."  White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (citations omitted).

When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir.

4

2002).  An unreasonable application by the state courts is "not merely wrong; even 'clear error' will

not suffice."  White, 134 S. Ct. at 1702 (citing Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)).  The

petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was

an error well understood and comprehended in existing law beyond any possibility for fairminded

disagreement.'"  Id. (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)); see also Metrish v.

Lancaster, 133 S. Ct. 1781, 1787 (2013).

      "When a federal claim has been presented to a state court and the state court has denied

relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of

any indication or state-law procedural principles to the contrary."  Richter, 562 U.S. at 99.  Section

2254(d) bars relitigation of claims adjudicated on the merits in state courts and federal courts review

these claims under the deferential standard of § 2254(d).  Id. at 98; Schriro v. Landrigan, 550 U.S.

465, 474 (2007).  Further, the "determination of a factual issue made by a State court shall be

presumed to be correct.  The applicant shall have the burden of rebutting the presumption of

correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

      In this case, the OCCA adjudicated Petitioner's claims on certiorari appeal.  Insofar as

Petitioner claims violations of the United States Constitution, his claims will be reviewed pursuant

to § 2254(d).  To the extent Petitioner also claims violations of the Oklahoma Constitution or

Oklahoma statutory law, those claims are denied because they are not cognizable on federal habeas

corpus review.  A federal habeas court has no authority to review a state court's interpretation or

application of its own state laws.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that

it is not the province of a federal habeas court to reexamine state-court determinations on state-law

questions).  Instead, when conducting habeas review, a federal court is limited to deciding whether

a conviction violated the Constitution, laws, or treaties of the United States.  Id. at 68 (citing 28

U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975)).

### 1.    Double punishment/double jeopardy (Ground 1)

As his first ground of error, Petitioner alleges that he has been subjected to double jeopardy

and/or double punishment by conviction and punishment on Count 4 – Assault and Battery With a

Dangerous Weapon, and Count 17 – Assault While Masked or Disguised, in violation of the Fifth

and Fourteenth Amendments as well as the Oklahoma Constitution.  See Dkt. # 1 at 5.  On certiorari

appeal, the OCCA ruled as follows:

> Petitioner's double-jeopardy and double-punishment arguments . . . have been
> waived for all but plain error due to his failure to raise them below.  The record
> supports convictions for both Count 4 and Count 17, because the masked, gun-
> wielding assailants threatened and/or beat multiple victims in separate incidents.
> Petitioner fails to demonstrate any obvious error which clearly rendered his pleas
> involuntary.

(Dkt. # 8-4 at 2-3 (citations omitted)).

As stated above, Petitioner's claim that he has suffered multiple punishments in violation of

Oklahoma statutes and the Oklahoma constitution shall be denied because it is not cognizable on

federal habeas corpus review.  A federal habeas court has no authority to review a state court's

interpretation or application of its own state laws.  Estelle, 502 U.S. at 67-68.  Petitioner's multiple

punishment claim, insofar as it is based on Oklahoma statutes and the Oklahoma constitution, is not

cognizable in this federal habeas corpus proceeding and shall be denied on that basis.

A defendant generally waives all objections of a constitutional nature when he knowingly

and voluntarily enters a guilty plea, because "a guilty plea represents a break in the chain of events

which has preceded it in the criminal process," and "[w]hen a criminal defendant has solemnly

admitted in open court that he is in fact guilty of the offense with which he is charged, he may not

6

thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); U.S. v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003) ("it is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses"). The Supreme Court explained the purpose of the waiver rule in U.S. v. Broce, 488 U.S. 563 (1989):

> A guilty plea "is more than a confession which admits that the accused did various acts." Boykin v. Alabama, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711, 23 L. Ed. 2d 274 (1969). It is an "admission that he committed the crime charged against him." North Carolina v. Alford, 400 U.S. 25, 32, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970). By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.

Id. at 570; see also Ex parte Wright, 119 P.2d 97, 97 (Okla. Crim. App. 1941) ("Where one enters a plea of guilty it will be conclusive proof of his guilt of the offense as alleged in the information.").

For purposes of this Court's review, the initial question is whether Petitioner waived his double jeopardy claim by pleading guilty to each of the two referenced charges. The Fifth Amendment's Double Jeopardy Clause protects against "successive prosecutions for the same offense and multiple punishments for a single offense." See Thomas v. Kerby, 44 F.3d 884, 887 (10th Cir. 1995) (citing U.S. v. Dixon, 509 U.S. 688, 695-96 (1993)). The waiver of constitutional claims occasioned by a guilty plea applies to double jeopardy violations but with a limited exception for ones that may be facially determined. "[A] defendant who pleads guilty to two counts with facial allegations of distinct offenses concede[s] that he has committed two separate crimes, and is consequently barred from later challenging his multiple convictions on double jeopardy grounds." Thomas, 44 F.3d at 888 (internal quotation marks and citation omitted). Where a double jeopardy violation may be facially determined, a criminal defendant does not waive, and thus subsequently may attack, "a double jeopardy violation [that] is apparent on the face of the indictment and/or the

7

record existing at the time the plea was entered." Broce, 488 U.S. at 569. Thus, in Thomas, the Tenth Circuit directed relief as to one double jeopardy claim by a federal habeas petitioner because "the charging information and state record establish as a matter of law the unitary nature of the offense prosecuted" but affirmed the denial of habeas relief as to a second double jeopardy claim because "the information and record do not conclusively determine a single offense but, rather, raise at most a question of fact that might have been resolved in petitioner's favor if he had disputed the matter at trial." Thomas, 44 F.3d at 889.

Here, the record reflects that Petitioner's guilty pleas, resulting in convictions on Count 4 – Assault and Battery With a Dangerous Weapon, and Count 17 – Assault While Masked or Disguised, allegedly in violation of the Fifth and Fourteenth Amendments as well as the Oklahoma Constitution, were in all relevant respects entered voluntarily and intelligently after the advice of counsel. See Dkt. # 8-1 at 3, ¶¶ 20, 21. Further, as stated by the OCCA in its Summary Opinion affirming Petitioner's conviction on both of these counts, the record, as it existed at the time of Petitioner's guilty pleas, supports Petitioner's convictions on Counts 4 and 17.

Petitioner has not established that either the charging document or the record before the trial court when the guilty pleas were entered reflects a double jeopardy violation on its face. In comparing the elements of the two offenses, the Court finds that Assault and Battery With a Dangerous Weapon (Count 4) and Assault While Masked or Disguised (Count 17), each carry distinct legal elements for the two offenses. In Count 4 of the Third Amended Information, see Dkt. # 9-6 at 114, Petitioner was charged with the Assault and Battery With a Dangerous Weapon of Christopher Gentile. Under Oklahoma law, no person may be convicted of Assault and Battery With a Dangerous Weapon unless the State proves beyond a reasonable doubt that the defendant (1)

8

committed an assault and battery, (2) upon another person, (3) with a dangerous weapon, (4) without justifiable or excusable cause, (5) with the intent to do bodily harm.  See OUJI-CR 4-12; Okla. Stat. tit. 21, § 645.  In Count 17, see Dkt. # 9-6 at 116, Petitioner was charged with Assault While Masked or Disguised while committing the felony crime of Robbery With a Firearm.  No specific victim was identified in Count 17.  Under Oklahoma law, no person may be convicted of the felony of Assault While Masked unless the State proves beyond a reasonable doubt that the defendant (1) entered upon the premises of another, (2) with the intent to inflict bodily injury/injury to property, (3) while masked.  See OUJI-CR 5-51 (citing Okla. Stat. tit. 21, § 1303).

The record before the Court does not support Petitioner's claim that his convictions violate double jeopardy, even if, as explained by Respondent, Petitioner argues he "was placed in double jeopardy for two crimes against one victim, not multiple victims for separate incidents."  See Dkt. # 8 at 11.  The two charges – Assault and Battery With a Dangerous Weapon (Count 4) and Assault While Masked or Disguised (Count 17) – involved "facial allegations of distinct offenses," even if charged for two crimes against one victim, and Petitioner conceded through his guilty pleas that he "committed two separate crimes."  See Broce, 488 U.S. at 570.

In sum, Petitioner has not conclusively demonstrated that either the Third Amended Information or the record before the trial court when his guilty pleas were entered reflected a double jeopardy violation on its face.  Having failed to establish that the circumstances in his case fall within an exception to the waiver rule, Petitioner is prohibited from bringing his federal claims in Ground 1 to collaterally attack his guilty pleas and convictions. Further, Petitioner has not shown that the OCCA's rejection of his federal claim "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. §
2254(d)(1), (2). Thus, Petitioner is not entitled to federal habeas relief on Ground 1.

### 2.   Incorrect range of punishment (Ground 2)

As his second ground of error, Petitioner claims that he should be allowed to withdraw his
pleas on the three counts of Robbery With a Firearm (Counts 1, 15, and 16), because he was
misadvised with regard to the range of punishment as to those counts and "all consequences flowing
from the pleas," resulting in involuntary pleas.  See Dkt. # 1 at 9.  On certiorari appeal, the OCCA
denied relief, finding as follows:

> [p]etitioner cites no authority for his interpretation of the applicable punishment
> range for three counts of Robbery with a Firearm which arise out of a single
> transaction.  In fact, his interpretation is contrary to the plain language of the statute.
> See 21 O.S.2001, § 801 (increasing minimum punishment after three "separate and
> distinct" occurrences).  Petitioner was correctly advised that he faced a minimum of
> five years for Counts 1, 15, and 16.  Proposition 2 is denied.

(Dkt. # 8-4 at 3 (footnote omitted)).

"It is beyond dispute that a guilty plea must be both knowing and voluntary. The standard
was and remains whether the plea represents a voluntary and intelligent choice among the alternative
courses of action open to the defendant."  Parke v. Raley, 506 U.S. 20, 28–29 (1992) (internal
quotation marks and citations omitted). In considering a habeas petition, or after the judgment of
conviction upon a guilty plea has become final, "the inquiry is ordinarily confined to whether the
underlying plea was both counseled and voluntary." Broce, 488 U.S. at 569.

Here, the OCCA found that, under Oklahoma law, Petitioner was advised of the correct
sentencing range applicable to Counts 1, 15, and 16.  The Supreme Court "repeatedly has held that
a state courts are the ultimate expositors of state law," and that, except in extreme circumstances,
federal courts "are bound by their constructions." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975);

10

Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (citing Estelle, 502 U.S. at 67-68). This claim does not involve extreme circumstances. Thus, this Court is bound by the OCCA's interpretation of Oklahoma law. As a result, because the OCCA determined that Petitioner "was correctly advised" as to the punishment range for Counts 1, 15, and 16, this Court cannot find that Petitioner's guilty pleas were rendered involuntary based on his claim that he was misadvised of the sentencing range applicable to those counts. Petitioner is not entitled to habeas corpus relief on Ground 2.

### 3.    Ineffective assistance of counsel (Grounds 3 and 4)

In his third and fourth grounds of error, Petitioner claims he received ineffective assistance of counsel  (Dkt. # 1 at 13, 21). In Ground 3, Petitioner argues he entered his guilty pleas under duress because his attorney was unprepared for trial. Id. at 13. In Ground 4, Petitioner alleges that his attorney performed deficiently in failing to advise Petitioner of an available defense that could have been presented to a jury. Id. at 21. In rejecting these claims on certiorari appeal, the OCCA ruled as follows:

> In Propositions 3 and 4, Petitioner blames his decision to plead guilty on his counsel's lack of preparation, false promises of a light sentence, and general bad advice. These issues were timely raised below. The district court heard testimony from Petitioner's trial counsel and Petitioner regarding these issues; the court was also able to review its colloquy with Petitioner when the pleas were entered, Petitioner's written Summary of Facts on Plea of guilty, and Petitioner's statements to the court before sentencing. The record supports the court's conclusion that Petitioner was not coerced into pleading guilty due to any deficient performance by his counsel. *See Marshall v. State*, 1998 OK CR 30, ¶¶ 23-26, 963 P.2d 1, 9. Propositions 3 and 4 are denied.

(Dkt. # 8-4 at 3-4). Respondent argues that the OCCA's ruling was not contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. See Dkt. # 8 at 16.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v.

<u>Washington</u>, 466 U.S. 668, 687 (1984); <u>see also</u> <u>Osborn v. Shillinger</u>, 997 F.2d 1324, 1328 (10th Cir. 1993).  A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases.  <u>Strickland</u>, 466 U.S. at 687-88.  There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance."  <u>Id.</u> at 689.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  <u>Id.</u> at 690.  Moreover, review of counsel's performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  <u>Id.</u> at 689; <u>see also</u> <u>Cullen v. Pinholster</u>, 563 U.S. 170, 190 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under <u>Strickland</u> and through the "deferential lens" of § 2254(d)).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694; <u>see also</u> <u>Sallahdin v. Gibson</u>, 275 F.3d 1211, 1235 (10th Cir. 2002); <u>Boyd v. Ward</u>, 179 F.3d 904, 914 (10th Cir. 1999).  If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails.  <u>See</u> <u>Strickland</u>, 466 U.S. at 700.  Thus, it is not always necessary to address both <u>Strickland</u> prongs.

In <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985), the Supreme Court held that <u>Strickland</u> applies to challenges to guilty pleas based on ineffective assistance of counsel.  In accord with <u>Strickland</u>, a defendant challenging the effective assistance of counsel during the guilty plea process must show

counsel's performance was deficient and that such deficient performance prejudiced him.  Id. at 57-

58.  As the Court explained in Hill,

> in the context of guilty pleas, the first half of the Strickland v. Washington test is
> nothing more than a restatement of the standard of attorney competence . . . . The
> second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's
> constitutionally ineffective performance affected the outcome of the plea process.
> In other words, in order to satisfy the 'prejudice' requirement, the defendant must
> show that there is a reasonable probability that, but for counsel's errors, he would not
> have pleaded guilty and would have insisted on going to trial.

Id. at 58-59.

After careful review of the record, the Court finds Petitioner has failed to show his counsel's

performance was deficient.  At the conclusion of the change of plea hearing, the state district judge

made a finding of fact that Petitioner's guilty pleas were freely and voluntarily entered, and that

Petitioner had knowingly and voluntarily waived his constitutional rights.  See Dkt. # 9-3, Tr.

Change of Plea Hr'g at 7.  Petitioner has failed to present clear and convincing evidence to rebut the

state court judge's finding of fact that Petitioner's pleas of guilty were knowingly and voluntarily

entered.  Therefore, the finding of fact is presumed correct.  28 U.S.C. § 2254(e)(1).

A defendant claiming ineffective assistance must overcome the strong presumption of

reliability accorded a defendant's in-court statements made when the plea was entered concerning

the voluntariness of the plea and his satisfaction with his attorney's performance.  Blackledge v.

Allison, 431 U.S. 63, 73-74 (1977).  "Solemn declarations in open court carry a strong presumption

of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject

to summary dismissal, as are contentions that in the face of the record are wholly incredible."  Id.

at 74.  Here, Petitioner's allegation of duress resulting from his attorney's lack of preparation for

trial is contradicted by Petitioner's averment, made under oath, that he was satisfied with his

13

attorney's assistance.  See Dkt. # 8-1 at 3, ¶ 21.  In addition, Petitioner's attorney, Christopher Gault, testified at the hearing on the motion to withdraw pleas that he was prepared and "ready to go" for trial, see Dkt. # 9-5, Tr. Mot. Withdraw Plea Hr'g at 14; that he had prepared three trial notebooks, id.; and that he had reviewed the discovery, including the incriminating fingerprint evidence, with Petitioner, id. at 14-16.  Petitioner testified at the hearing that his attorney told him that he "had no defense for you."  Id. at 33.  However, Petitioner fails to identify how counsel's preparations for trial were deficient.  At the conclusion of that hearing, the trial judge denied the motion to withdraw pleas.  Id. at 54.  Because Petitioner's unsupported claim that he entered blind pleas of guilty under duress caused by counsel's lack of preparation is contradicted by the record, Petitioner's claim of ineffective assistance of counsel fails.

As to Petitioner's claim that he was induced to enter blind pleas based on his attorney's advice that Petitioner "would not get more than 15 years," see id. at 36, the trial judge reviewed his colloquy with Petitioner at the change of plea hearing, emphasizing that, at that time, Petitioner denied having been promised anything, threatened, or told a "story that would cause you to plead," id. at 54.  In light of Petitioner's in-court statements made when the pleas were entered, coupled with Gault's denial that he advised Petitioner of a specific number of years of imprisonment to expect upon entry of blind guilty pleas, id. at 17, the trial judge denied Petitioner's motion to withdraw his pleas.  Because Petitioner's claim that ineffective assistance of counsel rendered his guilty pleas involuntary as a result of inducement is contradicted by the record, the claim fails.

In addition, Petitioner's Ground 4 claim that counsel performed deficiently in failing to advise him of an available defense – lack of identification – is meritless.  The record reflects that both adult victims testified at the preliminary hearing and both identified Petitioner as one of the

14

men who held them at gunpoint while they were robbed.  See Dkt. # 9-1, Tr. Prelim. Hr'g at 15-16,

25.  In addition, Petitioner's attorney confirmed the existence of a fingerprint report demonstrating

that fingerprints found inside Rodolf's home matched those of Petitioner.  See Dkt. # 9-5, Tr. Mot.

Withdraw Plea Hr'g at 19.  Furthermore, Petitioner's allegation is belied by his answers provided

on the "Plea of Guilty Summary of Facts" form.  Specifically, Petitioner answered "yes" when asked

"[h]ave you talked over the charge(s) with your lawyer, advised him/her regarding any defense you

may have to the charges and had his/her advice?"  See Dkt. # 8-1 at 3.  Based on that record, the

Court finds that Petitioner fails to demonstrated that counsel performed deficiently with regard to

advising Petitioner of an available defense.

Petitioner has failed to show that counsel performed below the level expected from a

reasonably competent attorney as required by Strickland.  As a result, Petitioner has not

demonstrated that the OCCA's adjudication of his claim is contrary to, or an unreasonable

application of, federal law as established by the Supreme Court.  Habeas corpus relief is denied on

Grounds 3 and 4.

### 4.      Excessive sentences (Ground 5)

As his fifth proposition of error, Petitioner alleges that, because his sentences are excessive, he should be allowed to withdraw his guilty pleas and proceed to trial, or, in the alternative, the sentences should be favorably modified.  See Dkt. # 1 at 26.  Petitioner cites the Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution and Article II, §§ 7, 9, and 20 of the Oklahoma Constitution in support of this claim.  The OCCA denied relief on this claim, finding as follows:

> . . . while the sentences imposed by the district court may appear harsh, they are not shocking to the conscience given the seriousness of the crimes involved.  The district court did not abuse its discretion in refusing to allow withdrawal of Petitioner's pleas.

(Dkt. # 8-4 at 4 (citation omitted)).

A habeas court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law."  Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000).  Federal habeas review generally ends "once we determine the sentence is within the limitation set by statute."  Id.  In this case, Petitioner's sentences were all within the sentencing ranges for the crimes charged, as established under Oklahoma law.  There is no basis for habeas relief based on the length of sentences received by Petitioner.  Habeas corpus relief on Ground 5 is denied.

### C.      Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional

right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner

can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a

court could resolve the issues differently, or that the questions deserve further proceedings.  Slack

v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue.  Nothing

suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the

decision by the OCCA is debatable among jurists of reason.  See Dockins v. Hines, 374 F.3d 935,

938 (10th Cir. 2004).  A certificate of appealability shall be denied.

### CONCLUSION

After careful review of the record in this case, the Court concludes that Petitioner has not

established that he is in custody in violation of the Constitution or laws of the United States.

Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

2.      A separate judgment in favor of Respondent shall be entered in this matter.

3.      A certificate of appealability is **denied**.

**DATED** this 1st day of July, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

17